STEPHEN C. KENNEY (SBN 53883)
SAMANTHA D. HILTON (SBN 215585)
KENNEY & MARKOWITZ L.L.P.
255 California Street, Suite 1300
San Francisco, CA 94111
Telephone:   (415) 397-3100
Facsimile:   (415) 397-3170
Email:       skenney@kennmark.com
             shilton@kennmark.com

Attorneys for Defendant
AMERICAN AIRLINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION – ECF PROGRAM

| | |
|---|---|
| ANTHONY R. TWARDOWSKI, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC.; AMERICA WEST AIRLINES, INC.; and DOES 1-10, inclusive,<br><br>    Defendants. | CASE NO.  C 05-0237 VRW<br><br>**STIPULATION AND ORDER TO BE BOUND BY THE COURT'S DECISION ON THE ISSUE OF WHETHER A FAILURE TO WARN CAN CONSTITUTE AN ACCIDENT UNDER ARTICLE 17 OF THE WARSAW CONVENTION** |

This Stipulation is entered into by and between Plaintiff, Anthony R. Twardowski by and through his counsel of record, Magana, Cathcart & McCarthy, and Defendant, American Airlines, Inc., by and through its counsel of record, Kenney & Markowitz, L.L.P. The parties stipulate as follows:

1.   In his Complaint, Plaintiff asserts a claim for personal injury against American Airlines, Inc. arising under the provisions for the Convention for the Unification of Certain Rules Relating to International Carriage, 49 U.S.C. §1502, et seq. (the "Warsaw Convention").

2.   The Complaint alleges that, "As a direct and proximate result of the conduct of the

Defendant, AMERICAN AIRLINES, as described hereinafter, an incident arose during the course of service and accommodation provided on the flight of said aircraft which caused PLAINTIFF to develop deep vein thrombosis... Said event which caused the thrombosis is an 'accident' within the meaning of the WARSAW CONVENTION."

3.  The Complaint further alleges that, "Prior to and at the time of the accident and injury to PLAINTIFF onboard AMERICAN AIRLINES Flight Nos. 951 and 904, as aforedescribed, Defendant, through its agents and employees, unexpectedly and in careless disregard for the security, health and safety of Plaintiff and other passengers, owned, operated, controlled, informed, advised, warned, equipped, serviced, handled, transported, checked and maintained said aircraft and the accommodations and service provided thereon and, thereby proximately caused said accident and property loss."

4.  This action, originally filed in the United States District Court for the Central District of California, was transferred to the Northern District of California, MDL Docket 04-1606 VRW for pretrial coordination and consolidation pursuant to a Transfer Order entered by the Judicial Panel on Multidistrict Litigation on December 1, 2004.

5.  Many of the actions consolidated in MDL Docket 04-1606 VRW are based upon allegations that the Airline Defendant in each case failed to warn Plaintiff about deep vein thrombosis ("DVT"), and that this alleged failure to warn is an accident under Article 17 of the Warsaw Convention (the "Warsaw Actions").

6.  On June 21, 2005, this Court granted the Airline Defendants' request to file motions for summary judgment in the Warsaw Actions on the issue of whether a failure to warn of DVT can constitute an accident under Article 17 of the Warsaw Convention.

7.  On September 30, 2005, the Airline Defendants filed their motions for summary judgment on the issue of whether a failure to warn can constitute an accident under Article 17 of the Warsaw Convention. The joint motion will be heard on December 8, 2005.

8.  Defendant, American Airlines, Inc. did not file a motion for summary judgment in Anthony R. Twardowski v. American Airlines, et al., Case No. 04-7283 VRW because Plaintiff's Complaint does not specifically allege that American Airlines failed to warn him of the risks of

1  deep vein thrombosis.

2  9. The parties, however, stipulate that the issues of law presented in the Airline
3  Defendants' motions for summary judgment in the Warsaw Actions are identical to those
4  governing the outcome of the instant action.

5  10. The parties in the instant action, therefore, agree to be bound by this Court's
6  decision on the Airline Defendants' motions for summary judgment scheduled to be heard on
7  December 8, 2005, and any final decision(s) of the Ninth Circuit Court of Appeal, and the United
8  States Supreme Court from any appeal(s) from this Court's decision on the Airline Defendants'
9  motions for summary judgment in the Warsaw Actions.

10  11. The parties agree that this Stipulation does not limit or waive any appellate rights
11  either party possesses.

12  DATED: November __, 2005    MAGANA CATHCART McCARTHY

14  By: _____
    CLAY ROBBINS III
15  Attorneys for Plaintiff
    ANTHONY R. TWARDOWSKI

17  DATED: November 16, 2005    KENNEY & MARKOWITZ L.L.P.

19  By: _____
    STEPHEN C. KENNEY
20  SAMANTHA D. HILTON
    Attorneys for Defendant
21  AMERICAN AIRLINES, INC.

## ORDER

Pursuant to the above stipulation, IT IS SO ORDERED that Anthony R. Twardowski and American Airlines, Inc., will be bound by this Court's decision regarding the Airline Defendants' motions for summary judgment on the issue of whether a failure to warn can constitute an accident under Article 17 of the Warsaw Convention, and any final decision(s) of the Ninth Circuit Court of Appeal, and the United States Supreme Court from any appeal(s) from this Court's decision on the Airline Defendants' motions for summary judgment in the Warsaw Actions.

DATED: _____

Dated: December 2, 2005

_____
CHIEF JUDGE OF THE UNITED STATES DISTRICT COURT

[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — Judge Vaughn R Walker]

Kenney & Markowitz L.L.P.